**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4200**

———————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

       v.

JERMAINE OTEASO OGATDES BENNETT, a/k/a Jermaine Oteaso
Bennett,

               Defendant – Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Thomas D. Schroeder,
District Judge. (1:10-cr-00210-TDS-1)

———————

Submitted: August 19, 2011      Decided: August 26, 2011

———————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James B. Craven III, Durham, North Carolina, for Appellant.
Lisa Blue Boggs, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Jermaine Oteaso Ogatdes Bennett pled guilty to possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1) (2006) (Count One), and possession of firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (2006) (Count Two). He was sentenced to 135 months in prison on Count One and 120 months, consecutive, on Count Two. Bennett now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the Fair Sentencing Act of 2010 (FSA) should apply retroactively. Counsel concludes, however, that the issue is moot because Bennett's advisory Guidelines range was calculated based on Guidelines promulgated pursuant to the FSA. Bennett was advised of his right to file a pro se supplemental brief but did not file such a brief. We affirm.

I

After reviewing the transcript of Bennett's Fed. R. Crim. P. 11 proceeding, we conclude that the district court fully complied with the Rule. Further, Bennett's plea was knowing and voluntary and not the result of force, threats, or promises other than those in the plea agreement. Finally, there was a factual basis for the plea.

2

Our review of the record convinces us that Bennett's sentence is procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007). For the drug offense, Bennett's properly calculated advisory Guidelines range was 121-155 months. With respect to that range, we agree with the district court that the issue of retroactivity of the FSA is moot because Bennett's offense level was calculated using Guidelines promulgated in accordance with the FSA. After hearing argument from counsel and Bennett, and considering the 18 U.S.C. § 3553(a) (2006) factors, the court sentenced Bennett within his Guidelines range to 135 months on Count One and to the statutorily required consecutive, minimum sentence of ten years on Count Two. The court made the required individualized assessment in imposing sentence and sufficiently stated its reasons for the chosen, variant sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

III

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm. We deny counsel's motion to withdraw. This court requires that counsel inform Bennett, in writing, of his right to petition the Supreme Court of the United States for

further review.  If Bennett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion to withdraw at that time. Counsel's motion must state that a copy was served on Bennett. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4